

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No, O-3543
Re: Authority to approve
for payment certain
bills from the appro-
priation made in H. B.
235, 47th Legislature,
Regular Session, ef-
fective April 25, 1941.

This will acknowledge receipt of your letter of May 15, 1941, propounding the following inquiry:

"I am enclosing several accounts in-
curred by the Texas Land Board, together
with your opinion O-2696 and a copy of
House Bill No. 235.

"You will please advise this depart-
ment whether these bills which were in-
curred prior to the passage of House Bill
No. 235 may be paid from the appropriation
made in this Act. * * *"

The bills referred to by you and which accompany your letter appear to be claims for publishing the proclamation by the Board of lands available for purchase under Section 7 of S. B. No. 481, Ch. 185, of the Acts of the 42nd Legis-
lature, Regular Session (1931), (Vernon's Civ. Stat., Art. 5330a).

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Geo. H. Sheppard, page 2

In Opinion No. O-2696, this department advised the Commissioner of the General Land Office that it would require a specific appropriation by the Legislature of the special fund created under the provision of 481 to authorize the application of payment of such fund to the satisfaction of expenses incurred thereunder.

It was to meet this ruling that House Bill 235 of the Regular Session of the present Legislature was passed.

House Bill No. 235 amends Section 6 of Senate Bill No. 481 so that the same now reads as follows:

"* * * The examination fees provided for in Section 3 of this Act shall be deposited with the State Treasurer in a special fund to the credit of the Land Board created in Section 2 hereof. All such moneys so paid into the State Treasury are hereby specifically appropriated to said Land Board for the purpose of defraying the authorized and necessary expenses incident to the enforcement of this Act incurred by said Board in determining the identity of persons entitled to the benefits of this Act. The Comptroller shall, from time to time, upon requisition of the Commissioner of the General Land Office, draw warrants upon the State Treasurer for the amounts specified in such requisition, not exceeding, however, the amount of such fund on deposit at the time of the making of any requisition therefor. Any sum remaining in such fund after all expenses have been paid shall be transferred to the Permanent School Fund. The amount of money accruing to the State of Texas as consideration for the sale of the land as provided for in Section 3 hereof shall be placed to the credit of the Permanent School Fund."

Honorable Geo. H. Sheppard, page 3

We beg to advise that in the opinion of this department House Bill 235 constitutes a sufficiently specific appropriation to authorize the payment of such expenses and that such appropriation is a valid one.

Article III, Section 44 of the Constitution forbids the Legislature to make any "grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; * * *"

By this it is meant that there must have been in existence at the time the claim accrued a law which would make such claim a legal obligation of the State and which would form the basis of judgment against the State in a court of competent jurisdiction should the State permit a suit thereon. (Austin National Bank v. Sheppard, 71 S. W. (2d) 242)  This interpretation of that clause of the Constitution merely accentuates the primary purpose of Section 44 to forbid the granting of extra compensation upon contracts which had been fully performed; in other words, to prevent a gratituous disposition by the Legislature of the public funds in the State Treasury.  This principle has been recognized and applied in many cases.  See Fort Worth Cavalry Club v. Sheppard, 83 S. W. (2d) 660; Corsicana Cotton Mills v. Sheppard, 71 S. W. (2d) 247 ; Watkins v. State, 123 S. W. (2d) 9553; State v. Haldeman, 163 S. W. 1020; Dallas County v. Lively, 167 S. W. 219.

Section 7 of Senate Bill 451, (Vernon's Civ. Stat. Art. 5330a) authorizes the Land Board to determine what lands are available for purchase, and to publish a proper proclamation of notice in each county in which any part of such lands may be located. This is a sufficient pre-existing law to support the appropriation of House Bill 235.

In Opinion No. 1013, addressed to you under date of August 10, 1939, we construed a special appropriation act

Honorable Geo. H. Sheppard, page 4

passed to pay salary and expenses of the Rio Grande Compact Commissioner for salary earned and expenses incurred prior thereto under circumstances very similar to those at the foundation of the present inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS:EP

